■ NELSON DENIS, as Proposed Administrator of the Goods, Chattels and Credits of SARAH RABASSA, Deceased, Appellant, v MANHATTANVILLE REHABILITATION AND HEALTH CARE CENTER, LLC, Doing Business as MANHATTANVILLE HEALTH CARE CENTER, LLC, et al., Respondents. [974 NYS2d 372]—

Order, Supreme Court, Bronx County (Stanley Green, J.),

entered September 19, 2012, which, to the extent appealed from as limited by the briefs, granted defendants' motions for summary judgment dismissing the causes of action for medical malpractice, negligence and lack of informed consent, unanimously affirmed, without costs.

Plaintiff failed to submit evidence to rebut defendants' prima facie showing that they did not deviate from the accepted standard of care in their treatment of the decedent during her 20-day admission at defendant Manhattanville. His expert assumed that the decedent had a *C. difficile* infection throughout her admission and that the infection worsened during her stay. He failed to support these conclusions by referring to specific entries in the records, and, as to two negative stool sample tests, he speculated that they had been handled poorly. Plaintiff's expert's claims that the decedent suffered from dehydration and was not properly nourished were conclusory and failed to controvert defendants' expert's evidence to the contrary. Moreover, the expert failed to causally relate the decedent's injuries to defendants' alleged departures from the standard of care (*see Margolese v Uribe*, 238 AD2d 164 [1st Dept 1997]).

Plaintiff's expert's opinion as to the lack of informed consent was predicated on his unsupported assumption as to the duration of the *C. difficile* infection and relied on alternative "potential" treatments that were experimental, without addressing whether the decedent would have been a candidate for any of them. Moreover, the expert did not opine that the lack of informed consent was a proximate cause of the decedent's injuries. The opinion was therefore insufficient to raise an inference that a reasonably prudent person in the decedent's circumstances, having been appropriately informed of the risks and alternatives, would have elected an alternate course of treatment, and that the lack of informed consent was the proximate cause of the decedent's injuries (*see* Public Health Law § 2805-d [1], [3]; *Shkolnik v Hospital for Joint Diseases Orthopaedic Inst.*, 211 AD2d 347, 350 [1st Dept 1995], *lv dismissed in part and denied in part* 87 NY2d 895 [1995]).

We have considered plaintiff's remaining arguments and find them unavailing. Concur—Sweeny, J.P., Moskowitz, Renwick, DeGrasse and Gische, JJ.